U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 9 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DODSON LUGENE BALLARD, PRO SE,  §
TDCJ-CID No. 900820,              §
                                 §
        Plaintiff,               §
                                 §
v.                               §    2:05-CV-0079
                                 §
STEVE WAUSON,                    §
NFN ZELLER, and J. GRIMES,       §
                                 §
        Defendants.              §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DODSON LUGENE BALLARD, proceeding *pro se* and while a prisoner,

has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-

named defendants.

On October 26, 2005, the Court issued a Notice of Deficiency Order giving plaintiff

thirty days in which to submit a six-month history of his inmate account certified as to accuracy by

prison officials, commonly called an I.F.P. Data Sheet. Plaintiff was informed this document was

available through his unit law library and that a failure to comply with the Court's Order would lead

to dismissal of this suit.

On November 4, 2005, plaintiff filed a responsive pleading entitled "Plaintiff

Ballard Curing Remedy Notice of Deficiency." By this document, plaintiff refers the Court to

"Exhibit A D.L.B. 900820 T.D.C.J.#" attached to his March 9, 2005 Application to Proceed In

Forma Pauperis which, plaintiff argues, is sufficient under the Texas Rules of Civil Procedure.

Plaintiff's response makes clear that he intends to stand on his pleadings and will

not provide the form required by the Court. Moreover, the fact that plaintiff provided the necessary

disclosure with respect to his cause no. 2:04-CV-0304 indicates he understands the Notice of

Deficiency Order. The "Exhibit A D.L.B. 900820 T.D.C.J.#" to which plaintiff refers is not a six-month history of his inmate trust account certified by prison officials as accurate and does not comply with the disclosure requirement of Title 28  United States Code, section 1915(a)(2).

The response period has expired, and plaintiff has refused to comply with the Court's October 26, 2005 Notice of Deficiency Order and has failed to provide the necessary financial disclosure to allow consideration of his request to proceed in forma pauperis.

IT IS THEREFORE ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR REFUSAL TO COMPLY WITH THE COURT'S ORDER TO PROVIDE STATUTORILY-MANDATED FINANCIAL DISCLOSURE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

IT IS SO ORDERED.

ENTERED this _____ day of November, 2005.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

2